UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

                Plaintiff,

-against-

ADAM DANIEL SOMMER and CARI JOY SOMMER,

                Defendants.

24-CV-9546 (JAV)

ORDER OF SERVICE

JEANNETTE A. VARGAS, United States District Judge:

    Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action.

    On February 20, 2025, Plaintiff filed an Amended Complaint and Request for Injunction (ECF No. 14). The Clerk of Court is directed to issue a summons as to Defendants Adam Daniel Sommer and Cari Joy Sommer. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses.[1]

    If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

    On February 18, 2025, Plaintiff filed a letter requesting that the Court order that service of the summonses and the complaint in this action be served by the United States Marshals Service pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. As Plaintiff is not proceeding *in forma pauperis*, the determination as to whether to order service by a United States

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, the summons in this case was not issued when Plaintiff filed the complaint because he had not paid the filing fee. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Marshals Service is within the discretion of the Court. Plaintiff has not made any effort to demonstrate he has unsuccessfully attempted service pursuant to Rule 4. Accordingly, the Court denies the request without prejudice to renewal if Plaintiff is able to demonstrate that he has exercised reasonable diligence in attempting to serve the defendants but was unable to do so.

Finally, Plaintiff has moved for permission to participate in electronic case filing. ECF No. 15. Plaintiff has not submitted the form Motion for Permission for Electronic Case Filing, available on the Court's website (a copy of which is attached to this Order). The pending motion does not indicate if Plaintiff has completed the Court's CM/ECF introduction course. The motion is therefore denied without prejudice to renewal by submission of the form Motion.

The Clerk of Court is instructed to terminate ECF No. 15.

SO ORDERED.

Dated:  February 25, 2025
        New York, New York

                                            _____
                                            JEANNETTE A. VARGAS
                                            United States District Judge

RECEIVED FEB 24 2025 PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MICHAEL BUXBAUM,
           PLAINTIFF,

   -against-

ADAM DANIEL SOMMER and CARI JOY SOMMER,
           DEFENDANT(S)
-------------------------------------------------------X

Case No. 1:24-cv-09546

MOTION FOR PERMISSION FOR
ELECTRONIC CASE FILING

I, Michael Buxbaum, Pro Se Litigant request permission from the Court to register in electronic case filing ("e-filing") for this Civil Complaint and Request for Injunction. I affirm under penalty of perjury that:

1. I, Michael Buxbaum, Pro Se Litigant have reviewed the Court's Electronic Case Filing Rules & Instructions, July 24, 2023 Edition on the United States District Court Southern District of New York's website. https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF Rules 20230724 TH FINAL.pdf

2. Rule 2.2 (a) states: "The Court may permit or require a pro se party to a pending civil action to register as a FilingUser in the ECF system solely for purposes of that action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. A sample Motion for Permission for Electronic Case Filing is available here. The Court may require the party to attend in-person training for Electronic Case Filing as a condition of registering as a Filing User. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance."

3. I, Michael Buxbaum, Pro Se Litigant am familiar with the PACER Public Access to Court Electronic Records electronic case filing (ECF) system based upon other litigation pending.

4. Rule 1 Scope and Purpose of the Federal Rules of Civil Procedure states: "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

5. Electronic case filing (ECF) is the most inexpensive method of filing for my litigation proceeding with the United States District Court Southern District of New York.

WHEREFORE, I, Michael Buxbaum, Pro Se Litigant request permission from the Court to register in electronic case filing ("e-filing") for this Civil Complaint and Request for Injunction.

Dated: February 15, 2025

Michael Buxbaum
7491 N Federal Hwy 125
Boca Raton, Florida 33487
(754) 327-1246
michaelbuxbaum@icloud.com

