UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                                                                                         :

MICHAEL BUXBAUM,                                                                :

                                        Plaintiff,                    :               24-CV-09546 (JAV)

                  -v-                                        :               <u>ORDER</u>

ADAM DANIEL SOMMER and CARI JOY SOMMER,  :

                                    Defendants.         :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff is a serial litigant in this District. From mid-December 2024 to the present, Plaintiff has filed more than 100 cases. Of the 20 cases for which Plaintiff paid the fee, two of them were dismissed. The vast majority of the remaining cases were closed on deficiency grounds. *See In re Michael Buxbaum*, No. 25-cv-01958-PMH, 2025 WL 821786, at *1 (S.D.N.Y. Mar. 11, 2025) ("Plaintiff Michael Buxbaum, acting *pro se*, has filed more than fifty actions since December 9, 2024, and the Court has issued dozens of orders directing Plaintiff either to pay the filing fees or submit an application to proceed *in forma pauperis* (IFP).").

On March 28, 2025, Defendants' counsel notified the Court that Plaintiff Michael Buxbaum was engaging in extremely abusive language and threats of violence directed at counsel and the parties in the above-captioned case. ECF No. 54. Defendants attached certain of those communications to its letter, which included, among other things, the following:

- a signed and duly sworn affidavit where Plaintiff affirms that "pursuant to the principles of Self-Defense that [he is] going to have [Defendants] killed," *id.* at 3;

- threats to kill Defendant Adam Sommer sent via voicemail, such as the statement: "I'm going to have you [expletive] killed, there's no question about it," *id.* at 5;

- threatening emails where Plaintiff claims he will have Defendants "executed and assassinated and killed" unless they concede to a list of demands, *id.* at 4;

- profanity directed to Defendants and their counsel, writing "F*** You attorney", "F*** You Adam Sommer", and "F*** You Cari Sommer," *id.* at 6; and

- clips of death scenes in the film, *The Godfather*, *id.* at 7.

On that same date, in another case in this District in which Mr. Buxbaum is a plaintiff, counsel for the defendants similarly filed a letter stating that within one hour of filing a motion to dismiss in that action, "[P]laintiff began sending abusive and threatening emails addressed to me, the defendants (his parents), and his sister." *Buxbaum v. Buxbaum*, No. 25-cv-0457-AS (S.D.N.Y.), ECF No. 36. Counsel attached the correspondence, which included an email to counsel stating, "[F]eel free to shake my hand in person . . . in a stand your ground state." *Id.* at 2.

On March 28, Judge Subramanian issued an order stating that "[i]f there is any further conduct of this kind, defendants should alert the Court, and this case will be immediately dismissed with prejudice. . . . This letter and the attached emails have been sent to the United States Marshal's Service as well as to the United States Attorney's Office for any action that they deem appropriate." *Id.*

On March 31, 2025, this Court similarly issued an Order placing Plaintiff on notice that his abusive language and threats of violence directed at counsel and the parties would not be tolerated. ECF No. 55. Specifically, the Court warned that "any additional malicious, harassing or threatening conduct directed towards parties in this litigation or counsel for Defendants may result in the immediate dismissal of this case, with prejudice, pursuant to the Court's inherent powers and the All Writs Act, 28 U.S.C. § 1651(a), as well as the imposition of a bar on any further filings in this jurisdiction." *Id.*

Plaintiff did not file any response to this Order. Instead, on April 3, 2025, the Court received two motions from Plaintiff, one seeking an order "directing the [Defendants] to refrain

2

from all communications including paying law enforcement, social workers, media broadcasting, family members, and third party persons and businesses and stay away from Plaintiff," ECF No. 57, and the other seeking an order directing Defendants to immediately pay Plaintiff $10,000,000 as a result of a conspiracy between Defendants and President Donald Trump to inject Plaintiff with a virus, ECF No. 58. On that same date, the Court received four affidavits from Plaintiff, ECF Nos. 59-62, one of which stated that Defendants' deaths would be "a positive for the world and have nothing to do with [Plaintiff]." ECF No. 61, ¶ 2. It is unclear from the record whether these were submitted to the Court after Plaintiff received notice of the March 31 Order.

On April 8, 2025—mere days after the Court issued its March 31, 2025 Order—Defendants' counsel filed another letter on the docket informing the Court that Plaintiff continued to engage in abusive conduct. ECF No. 64. For example, as demonstrated by the attachments to counsel's letter, on April 7 and 8, 2025, Plaintiff sent multiple emails and voicemails to Defendants, stating, among other things, the following:

- "This is the year I start planning to kill Adam Sommer for antisemitism and socialism," *id*. at 3;

- "This murder is now being planned or you are going to pay me 100 million dollars," *id*.;

- "I am going to kill Adam Sommer for antisemitism and socialism if you don't pay me 1.5 million plus 5.5 million and take the properties out of my name," *id*. at 4;

- "I am going to have Adam Sommer shot and killed at [redacted] once Stewart Buxbaum is dead of natural causes," *id*.;

- "I am going to Israel when I order the killing of Adam Sommer . . . and then I am going to order your killing for antisemitism Adam Sommer or you are going to pay me hundred million dollars for your life," *id*.;

- "I am going to [expletive] kill you, there is no question about it now," *id*. at 5; and

- "The issues are with your money and your wife's money and now I really am going to kill you. So let me explain to you how that's going to happen. . . . There's no question about it unless I get significant amounts of money," *id*.

3

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions," which includes the power to act against vexatious litigation. *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Accordingly, a district court has the inherent power to sanction a party who has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," including by dismissing an action. *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (quotations and citation omitted); *see also Cameron v. Lambert*, No. 07-cv-9258 (DC), 2008 WL 4823596, at *4 (S.D.N.Y. Nov. 7, 2008) (noting that "[p]ursuant to its inherent power, a court may impose sanctions against a party for . . . misconduct during the course of litigation." (cleaned up)).

"While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (cleaned up). This Court provided the requisite notice, ECF No. 55, yet Plaintiff's threats against litigants and counsel in this matter continued unabated.

The Court recognizes that dismissal with prejudice "is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Koehl*, 740 F.3d at 862 (cleaned up). In this case, the Court finds that Plaintiff's continued engagement in egregious behavior is in direct violation of this Court's previous Order and shows a total disregard for the authority of this Court. This Court further finds that Plaintiff's behavior, from both before and after he received a warning from this Court, was plainly malicious and in bad faith. Plaintiff acted in bad faith, wantonly, and vexatiously when he engaged in his repeated verbal abuse at Defendants and their counsel, as well as issued

death threats and what can best be characterized as attempts to extort money from Defendants under threats of violence. This abuse of the judicial process cannot be countenanced.

The Court has considered whether a lesser sanction would be sufficient to deter future misconduct. But Plaintiff's persistence in using such offensive, vulgar, and explicitly threatening language—despite this Court's March 31, 2025 Order directing the Plaintiff to immediately cease this behavior—as well as the severity of the misconduct, "leads the Court to conclude that 'no sanction short of dismissal will stop [Plaintiff's] improper conduct.'" *Carter v. Park*, No. 23-cv-10887 (JMF), 2024 WL 3090456, at *1 (S.D.N.Y. June 21, 2024) (citations omitted). Additionally, requiring Defendants to continue to litigate this matter in light of Plaintiff's misconduct and abuse of the judicial process would be inordinately prejudicial.

Although the facts of this case, coupled with Plaintiff's repeated filings of frivolous new suits, would more than justify the imposition of a filing injunction, the Court declines to impose one at this time. Plaintiff is warned, however, that pursuant to the Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651, further improper conduct, including the filing of additional meritless or vexatious cases and/or sending harassing or threatening communications to the Court or any litigant, witness, or counsel in cases pending in this District, may result in an order barring him from filing new actions without prior permission.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED with prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 15, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge